# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re: ) | |
| ) | |
| VERONICA JUMPP, ) | Chapter 13 |
| DEBTOR. ) | Case No. 06-40677-JBR |
| ) | |

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [# 33]**

This matter having come before the Court on the Motion for Reconsideration of Denial of Debtor's Motion to Extend Automatic Stay and To Permit [sic] [docket #33] (the "Reconsideration Motion") and after due consideration of the Reconsideration Motion, the Motion to Extend Automatic Stay [docket #19] (the "Motion to Extend"), the Opposition to the Motion to Extend [docket # 24], the tape recording of the June 6, 2006 hearing, and the Court's Order of June 7, 2006 denying the Motion to Extend [docket # 29], the Court hereby makes the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. The reconsideration Motion does not specify which of the rules the movant believes applicable but the distinction is not relevant to the Court's determination in this instance. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to

rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2. The Debtor filed the instant bankruptcy on May 1, 2006. On May 30, 2006 she filed the Motion to Extend which offers little by way of facts and nothing by way of law. Indeed the Motion to Extend consists of the following substantive paragraphs:

> 1. On or about May 1, 2006, Debtor filed her chapter 13 petition.
>
> 2. Debtor's Section 341 meeting is scheduled for June 16, 2006 and the Debtor is in the process of completing Amended Schedules and Amended Plan that addresses claims presented by creditors.
>
> 3. Debtor's Chapter 13 filing was presented in good faith based on increased income and the Amended Plan to be presented is confirmable.
>
> 4. Allowance of this motion is necessary for an effective reorganization.

3. Although not stated in the Motion to Extend, the Debtor filed a previous Chapter 13 case that was dismissed upon the Chapter 13 Trustee's Motion on February 6, 2006. The Motion to Extend was not accompanied by a motion seeking emergency or expedited consideration, and, although it would not have been in compliance with the local rules, neither did the Motion to Extend itself refer to such treatment. The Motion to Extend was set for hearing on June 6, 2006.

4. The secured creditor holding a mortgage on the Debtor's residence filed an opposition on the grounds that the automatic stay could not be extended as the hearing was not held within 30 days as required by 11 U.S.C. § 362(c)(3).

5. At the hearing the Debtor urged this Court to adopt the holding of *In re Toro-Arcilla*, 334 B.R. 224 (Bankr. S.D. Tex. 2005), in which Judge Isgur held that § 362(c)(4) and not just § 362(c)(3) applied to motions to extend the automatic stay in a *second* filing. Although the Debtor argued that *Toro-Arcilla* was the only case on point with regard to this issue, that is not

2

so. *In re Whitaker*, 341 B.R. 336, 344 (Bankr. S.D.Ga. 2006), rejects *Toro-Arcilla*'s holding in a decision this Court found and continues to find persuasive.

      6. At oral argument the Debtor also argues that this Court should reconsider its Order in light of *In re Johnson*, 335 B.R. 805 (Bankr. W.D. Tenn. 2006), in which the court concluded that § 362(c)(3) applies only to "debts" and property of the debtor" and not to "property of the estate." Because in this district the property, including, most important to this Debtor, her home, remains property of the estate until a Chapter 13 plan has been fully consummated, she argues that under the holding in *Johnson* the automatic stay continues as to her home and other property of her estate. She does not deal with the issue of how *Johnson*'s holding, even if followed by this Court, would apply in an instance such as this where she has exempted approximately $86,000 of equity in her home. The Reconsideration Motion is not the proper context in which to consider this issue nor others, such as whether *Johnson* renders § 362(c)(3) a nullity. Such concerns were not dealt with by the Debtor thus leading the court to enter its June 6, 2006 Order. The facts and the law were known to Debtor's counsel prior to filing the second case[1] and could have and should have been more fully presented to the Court.

      7. The Reconsideration Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome.

For the foregoing reasons, the Reconsideration Motion is hereby DENIED.

Dated: June 9, 2006

                                                                     Joel B. Rosenthal
                                                                       United States Bankruptcy Judge.

---

[1] The Debtor had the same counsel in her previous case.